# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BOBBY L. LAPRADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:09cv190 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States Magistrate Judge |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Bobby L. LaPrade ("LaPrade") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits and supplemental security income benefits under the Social Security Act (the "Act"). LaPrade seeks an award of disability benefits due principally to shoulder problems. LaPrade separated his right shoulder in June, 2006 and underwent surgery. Shortly after returning to work in October, 2006, LaPrade was in a motor vehicle accident in which he suffered a fractured collarbone, multiple rib fractures and a pneumothorax. LaPrade claims that he has been totally disabled from the date of the accident, November 4, 2006. In his decision, the Administrative Law Judge ("ALJ") concluded that LaPrade's failure to seek medical treatment after June 1, 2007 "indicates that claimant's impairments were not so disabling as to preclude him from all work activities." (Administrative Record "R." at 16.) LaPrade argues that the ALJ's inference was improper as he did not have the financial resources to seek medical treatment and that a consultative examination should have been ordered. Review of the administrative record reveals that there is no credible evidence to suggest that LaPrade is

disabled from all forms of substantial gainful activity and that the Commissioner's decision is supported by substantial evidence. As such, it is **RECOMMENDED** that the Commissioner's decision be affirmed.

# I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a

preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. §§ 404.1529(a), 416.929(a).

3

## II

On the date of the ALJ's decision, LaPrade was 41 years old. LaPrade was educated through the 9th grade, and has not obtained a General Equivalency Diploma. LaPrade has worked previously as a mill worker, tow motor driver and forklift driver. His application for benefits was rejected by the Commissioner initially and again upon reconsideration. An administrative hearing was convened before an ALJ on March 6, 2008. (R. 22.) In determining whether LaPrade was disabled under the Act, the ALJ found that his right shoulder separation and the injuries sustained in the motor vehicle accident were severe, but that he retained the RFC to perform a range of light work and that there were jobs that existed in the national economy that he could perform. (R. 14-17.) Thus, he was found not to be disabled.

LaPrade sought review by the Appeals Council, which denied his request for review on April 14, 2009. This appeal was filed in federal court on May 19, 2009. LaPrade filed a motion for summary judgment on November 10, 2009, and the Commissioner countered with his own summary judgment motion on December 10, 2009. Oral argument on the motions was held on April 6, 2010.

## III

The only issue in this appeal is whether the ALJ erred by finding that LaPrade's failure to seek treatment after June 1, 2007 indicates that his impairments were not disabling.[1] Review of the evidence in the administrative record in this case reveals that LaPrade has not met his burden

---

[1] LaPrade argued on brief that the VE's testimony was not consistent with the Dictionary of Occupational Titles ("DOT"), and that therefore the identification of jobs he could perform in the national economy was not supported by substantial evidence. In particular, LaPrade initially challenged the ALJ's conclusion that he could perform a ticket taker job requiring frequent reaching because the ALJ found that he could only occasionally reach with his right arm. On brief, the Commissioner agreed that this job may not be suitable for him, but noted that the other jobs identified by the VE, rental clerk and usher, only involve occasional reaching and thus are suitable for LaPrade. As a result, LaPrade conceded at oral argument that as to these jobs, the VE's testimony was consistent with the DOT and supported by substantial evidence.

of demonstrating that he is totally disabled and that the Commissioner's decision is supported by substantial evidence.

LaPrade separated his right shoulder in June, 2006, and he underwent surgical repair in July, 2006. By October, 2006, he had completed physical therapy and his condition had improved to the point where he was released to return to work without restrictions by his treating surgeon. (R. 278.)

Unfortunately, LaPrade hit a bridge with his car on November 4, 2006 resulting in multiple rib fractures, broken collarbone and a punctured lung. (R. 193-95.) LaPrade walked from the accident to his brother's house, and from there was transported to a local hospital and ultimately a regional trauma center where he was treated for more than three weeks. LaPrade's hospitalization was complicated by pneumonia.

LaPrade was discharged from the hospital on November 28, 2006, and was seen thereafter in follow-up at the Trauma Clinic at the Carilion Bone and Joint Center on December 7 and 21, 2006 and January 11, 2007. During his first follow-up visit, LaPrade complained of significant right sided chest wall pain, and he received prescription pain medications. LaPrade was advised that it was very likely that he would be unable to return to his job in construction. (R. 274.) On the second visit, LaPrade was again prescribed prescription pain medications and was set up for a course of physical and occupational therapy. (R. 270.) At the third visit, LaPrade was advised that as his ribs were healed and that the Trauma Clinic would not provide any further pain medications. He was instructed to follow up with a primary care physician for his pain and with orthopedics and physical therapy for his shoulder. (R. 268.)

LaPrade did not complete the prescribed physical therapy sessions. Between February 20, 2007 and June 5, 2007, LaPrade attended twenty sessions, cancelled six sessions and did not show for three sessions. He was discharged on June 5, 2007 for poor compliance. (R. 321.)

Thereafter, LaPrade was seen by Dr. Ekram Guirguis at the Ferrum Community Health Center on April 25, 2007, complaining of right rib pain, and on May 3, 2007, again complaining of right side pain and numbness and the inability to raise his right arm more than 45 degrees. The medical note reflects that LaPrade had no health insurance, no money and asked not to be charged for his visit that day. (R. 291.) The administrative record contains no further medical treatment.

LaPrade claims that the ALJ erred by assuming that the paucity of his treatment indicates that his impairments were not disabling. LaPrade argues that he lacked financial resources to obtain treatment and that benefits ought not to be denied simply because he was too poor to obtain medical treatment. LaPrade correctly asserts that Social Security benefits cannot be denied simply because a claimant cannot afford medical care. Gordon v. Schweicker, 725 F.2d 231, 239 (4th Cir. 1984). But that is not the only basis for the Commissioner's decision in this case. While the ALJ states that LaPrade's "failure to seek medical care indicates that claimant's impairments were not so disabling as to preclude him from all work activities," (R. 16), the opinion does not rest on this mere inference. Rather, as reflected in the ALJ's decision, there is additional evidence supporting the ALJ's conclusion that LaPrade is not disabled.

First, state agency physician Michael Hartman reviewed all of LaPrade's medical records on July 26, 2007 and opined that LaPrade retained the capacity to perform a range of light work. Dr. Hartman determined that he could lift twenty pounds occasionally, ten pounds frequently and stand walk or sit about six hours in a work day. (R. 296.) Dr. Hartman indicated that LaPrade

was limited in his ability to push and/or pull and was further limited in reaching. (R. 296-97.) Second, when presented with this evidence, a vocational expert testified that a person with LaPrade's RFC could perform work that exists in substantial numbers in the national economy. (R. 37-48.) Third, there are no contrary opinions in the record, nor opinions from any treating source indicating that LaPrade is completely disabled. On this record, it is clear that LaPrade has not met his burden of establishing that he is disabled. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Finally, there is no merit to LaPrade's argument raised at the summary judgment hearing that the ALJ should have ordered a consultative examination. The regulations provide that a consultative examination may be ordered "[i]f your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled." 20 C.F.R. §§ 404.1517, 416.917. Taken as a whole, the record contains sufficient evidence to support the ALJ's decision that LaPrade is not totally disabled, and a consultative examination was not necessary.

## IV

At the end of the day, it is not the province of the court to make a disability determination. It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence, and, in this case, substantial evidence supports the ALJ's decision. In recommending that the final decision of the Commissioner be affirmed, the undersigned does not suggest that LaPrade is free from all of his chest and shoulder pain. Careful review of the medical records compels the conclusion that LaPrade has not met his burden of establishing that he is totally disabled from all forms of substantial gainful employment. The ALJ properly considered all of the subjective and objective factors in

adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence.

The Clerk is directed to transmit the record in this case to Hon. James C. Turk, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 637(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is also directed to send a copy of this Report and Recommendation to all counsel of record.

                  Entered: June 28, 2010.

                  /s/ Michael F. Urbanski

                  Michael F. Urbanski
                  United States Magistrate Judge