CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBY L. LAPRADE, | ) | Civil Action No. 7:09cv190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The plaintiff, Bobby L. LaPrade ("LaPrade"), was denied disability benefits and supplemental security income benefits by the Commissioner of Social Security (Commissioner). LaPrade appealed the decision to this court, and the matter was referred to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On June 28, 2010, the magistrate judge issued an opinion recommending that the Court affirm the Commissioner's decision denying benefits. On July 6, 2010, LaPrade filed his objections to the magistrate judge's recommendations. Neither party requested oral argument, and accordingly, the case is now ripe for decision. For the following reasons, the magistrate judge's Report and Recommendation will be adopted in full.

I.

The magistrate judge concluded that substantial evidence supports the Commissioner's decision that LaPrade does not satisfy the Social Security Act's entitlement conditions for Disability Insurance Benefits and Supplemental Security Income. LaPrade raises three

objections to the magistrate judge's Report and Recommendation. First, he argues that the Administrative Law Judge's (ALJ) decision is not based on substantial evidence. Second, he contends that the ALJ should have ordered a consultative exam. Third, he argues that the ALJ improperly determined that LaPrade was not disabled from all forms of gainful activity due to the fact that he lacked the resources to seek continuing medical treatment.

## II.

The court reviews de novo the magistrate judge's Report and Recommendation. See 28 U.S.C. § 637(b)(1) (2000). The court must determine whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. See 42 U.S.C. § 405(g) (2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. Hines v. Bowman, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or

her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).

If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4thCir. 1975).

## III.

After conducting a de novo review of the administrative record, the court accepts the magistrate judge's Report and Recommendation and finds that the Commissioner's conclusion that LaPrade does not satisfy the Social Security Act's entitlement conditions is supported by substantial evidence. In making this finding, the court overrules LaPrade's objections to the Report and Recommendation. These objections will be addressed in turn.

A. The ALJ's Decision is Based on Substantial Evidence

First, there is substantial evidence that LaPrade has the Residual Functional Capacity (RFC) to perform a range of light work. The ALJ gave significant weight to state agency physician Dr. Michael Hartman because his "opinion is supported by the objective medical evidence and it is not contradicted by a treating source opinion." (R. 16). Dr. Hartman opined that LaPrade retained the capacity to perform a range of light work based on his determination of RFC. Dr. Hartman determined that LaPrade could lift twenty pounds occasionally, ten pounds

frequently, and stand, walk, or sit about six hours within a work day. (R. 296). Furthermore, Dr. Hartman found that LaPrade was not limited in his handling and fingering ability, and was only limited in his overhead reaching, but not other reaching. (R. 297).

Second, when a vocational expert (VE) was presented with the medical evidence of LaPrade's RFC, the VE testified that a person with LaPrade's RFC could perform work that exists in substantial numbers in the national and regional economy (R. 39–41). Specifically, the VE testified that LaPrade had the RFC to work as a rental clerk, usher, or ticket taker (R. 40). No treating source or other expert offered a contrary opinion indicating that LaPrade is completely disabled (R. 16).

B. The ALJ Did Not Err in Refusing to Order a Consultative Evaluation

An ALJ should only order a consultative examination when the claimant's "medical sources cannot or will not give . . . sufficient medical evidence about [the claimant's] impairment . . . to determine whether [he is] disabled." 20 C.F.R. §§ 404.1517, 416.917. In this case, a consultative examination was not necessary. Medical professionals gave sufficient evidence for the ALJ to determine LaPrade's RFC, and the VE had sufficient medical evidence to determine that a person with LaPrade's RFC could perform work that exists in substantial numbers in the national and regional economy.

C. LaPrade Was Not Prejudiced Due to His Inability to Afford Treatment

LaPrade correctly argues that Social Security benefits cannot be denied simply because a claimant cannot afford medical care. Gordon v. Schweicker, 725 F.2d 231, 239 (4th Cir. 1984). However, without considering LaPrade's lack of treatment, there is substantial evidence to support the ALJ's determination that he is not disabled. See supra, Section III.A. Nevertheless, even if the ALJ did rely on LaPrade's lack of treatment, LaPrade was dismissed from physical

therapy on June 5, 2007, for noncompliance with the program, not for failure to pay (R. 320–21). Also, there is no evidence in the record that LaPrade sought alternative sources of treatment, such as clinics or public assistance agencies. See SSR 89-59, 1982 WL 31384, *4 (stating that the claimant must explore all possible treatment resources to justify his failure to obtain treatment). Therefore, LaPrade was not prejudiced due to his inability to pay for treatment.

## IV.

After a de novo review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the Court will adopt the magistrate judge's Report and Recommendation in full and overrule LaPrade's objections. An appropriate order shall this day issue.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel or record.

ENTER: This 23rd day of September, 2010.

*/s/ James C. Turk*
Senior United States District Judge